IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UMB BANK, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR LVS TITLE TRUST 2018-2, § § § § § § Plaintiff, § § v. § § JACQUELINE MARIS, FRANCIS ROBERTS, DEENA BOUDREAUX, KIMBERLY FAILS, BILLY BELL, MICHAEL DAY, TIMOTHY DAY, PATRICK DAY, KELLY POHLEMANN, § § § § § § § Defendant. § | Civil Action No. 1:20-cv-123 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff UMB Bank, National Association, not in its individual capacity, but solely as Legal Title Trustee for LVS Title Trust 2018-2 ("UMB" or "Plaintiff") complains of Jacqueline Maris, Francis Roberts, Deena Boudreaux, Kimberly Fails, Billy Bell, Michael Day, Timothy Day, Patrick Day, Kelly Pohlemann, Defendants, files this *Original Complaint*, and states as follows:

### I.    PARTIES

1. Plaintiff is as "mortgagee" is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2. Bobby L. Leland and Willa F. Leland ("Borrowers") were obligors under a loan agreement. Bobby L. Leland died on or about January 19, 2015. Willa F. Leland died on or about May 21, 2019. Upon information and belief, no probate is open for Borrowers' estate in Orange, Texas, the county where the subject Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the

Borrowers' estate.

3. Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Borrowers ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Borrowers' respective estates, including an undivided interest in the Property, immediately upon their death. Each Heir is made a party in this proceeding.

4. Defendant Jacqueline Maris is an heir and daughter of Bobby Leland. Mrs. Maris may be served with process at 2190 Poplar Drive Apt. 65, Medford, OR 97504, or at any other place where she may be found. Summons is requested.

5. Defendant Francis Roberts is an heir and daughter of Bobby Leland. Mrs. Roberts may be served with process at 1007 Marigold Road, Baytown, TX 77521, or at any other place where she may be found. Summons is requested.

6. Defendant Deena Boudreaux is an heir and daughter of Bobby Leland. Mrs. Boudreaux may be served with process at 1011 Arnica Street, Baytown, TX 77521, or at any other place where she may be found. Summons is requested.

7. Defendant Kimberly Fails is an heir and daughter of Bobby Leland. Mrs. Fails may be served with process at 391 Christie Road, Diana, TX 75640, or at any other place where she may be found. Summons is requested.

8. Defendant Billy Bell is an heir and former spouse of Willa Leland's deceased daughter, Patricia Bell. Mr. Bell may be served with process at 5015 Bay Lane, Bacliff, TX 77518, or at any other place where he may be found. Summons is requested.

9. Defendant Michael Day is an heir and son of Willa Leland's deceased daughter, Patricia Bell. Mr. Day may be served with process at 3818 Cypress Point Drive, Baytown, TX 77523, or at any other place where he may be found. Summons is requested.

10. Defendant Timothy Day is an heir and son of Willa Leland's deceased daughter, Patricia Bell. Mr. Day may be served with process at 4404 Orange Street, Bacliff, TX 77518, or

at any other place where he may be found. Summons is requested.

11.     Defendant Patrick Day is an heir and son of Willa Leland's deceased daughter, Patricia Bell. Mr. Day may be served with process at 3216 Ash Drive, Dickinson, TX 77539, or at any other place where he may be found. Summons is requested.

12.     Defendant Kelly Pohlemann is an heir and son of Willa Leland's deceased daughter, Patricia Bell. Mr. Pohlemann may be served with process at 15903 Surrey Woods Drive, Friendswood, TX 77546, or at any other place where he may be found. Summons is requested.

## II.     PROPERTY

13.     This proceeding concerns the real property and improvements commonly known as 440 Dallas St., Vidor, TX 77662 , and more particularly described as follows:

> A TRACT OF LAND OUT OF AND A PART OF THE T.H. BREECE LEAGUE, ABSTRACT 3, ORANGE COUNTY, TEXAS, AND BEING A PORTION OF THAT CERTAIN TRACT CONVEYED TO JIMMY E. SMITH BY CHARLES CLYDE PAYNE, ET UX, AS RECORDED IN VOLUME 455, PAGE 547 OF THE DEED RECORDS OF ORANGE COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS: COMMENCING AT THE SOUTHERNMOST SOUTHEAST CORNER OF THE SAID SMITH TRACT; THENCE NORTH 20 DEGREES 00 MIN. WEST ALONG THE MOST EASTERLY LINE OF SAID TRACT A DISTANCE OF 184.77 FEET TO THE BEGINNING CORNER OF THE TRACT HEREIN DESCRIBED; THENCE SOUTH 89 DEGREES 06 MIN. WEST ALONG THE EAST LINE OF DALLAS DRIVE A DISTANCE OF 61.00 FEET TO AN IRON ROD FOR CORNER; THENCE NORTH 89 DEGREES 07 MIN. EAST A DISTANCE OF 119.60 FEET TO AN IRON ROD FOR CORNER IN THE EAST LINE OF SAID SMITH TRACT; THENCE SOUTH 20 DEGREES 00 MIN. EAST ALONG THE EAST LINE OF SAID SMITH TRACT A DISTANCE OF 61.59 FEET TO THE PLACE OF BEGINNING, KNOWN AS LOT 7, DALLAS DRIVE. TAX ID: R10758. THE REAL PROPERTY OR ITS ADDRESS IS COMMONLY KNOWN AS 440 DALLAS ST, VIDOR, TX 77662. (The "Property").

### III.    DIVERSITY JURISDICTION AND VENUE

14. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

15. Plaintiff is the trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). Plaintiff is a national banking association which is chartered and has its main office in Missouri. In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A.* 546 U.S. at 307; see 28 U.S.C. § 1348 (2006). Therefore, Plaintiff is a citizen of Missouri for purposes of diversity jurisdiction.

16. Defendants are individuals and citizens of the state of Texas and Oregon.

17. In this suit, Plaintiff seeks a declaratory judgment to establish a statutory probate lien and to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

18. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the

amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

19. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Orange County Appraisal District values the Property at $82,559.00, in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

20. Venue is proper in the Eastern District of Texas, Beaumont Division, because this suit concerns title to real property located in Orange County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

## IV.     FACTS

21. The foregoing paragraphs are incorporated by reference for all purposes.

22. On or about May 28, 2014, Borrowers executed a Promissory Note in the principal amount of $57,600.00 ("Note"), originally payable to Capital One, National Association ("Capital One") as lender on a loan secured by the Property.  A true and correct copy of the Note is attached hereto as **Exhibit A**.

23. Concurrently with the execution of the Note Borrowers executed a *Homestead Lien Contract and Deed of Trust* ("Security Instrument" and together with the Note, "Loan Agreement"), as grantor, granting Capital One, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the official public records of Orange

County, Texas, as Document No. 407797 on June 10, 2014. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

24. Capital One assigned and transferred the Loan Agreement to Plaintiff as evidenced through an Assignment of Deed of Trust ("Assignment"). The Assignment was recorded in the official public records of Orange County, Texas, as Document No. 483541 on January 22, 2020. A true and correct copy of the Assignment is attached hereto as **Exhibit C**.

25. Plaintiff is the current holder of the Note, and beneficiary of the Security Instrument. It is also a *mortgagee* of the Loan Agreement, as defined by Texas Property Code § 51.0001(4).

26. Borrowers are deceased. No probate was ever opened for them. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, their heirs acquired all of their interest in the Property immediately upon their death—subject to the Loan Agreement debt owed to Plaintiff.

27. Under the terms of the Loan Agreement, Borrowers are required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

28. The Loan Agreement further provides that should they fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

29. Further, Defendants failed or refused to pay the debt evidenced by the Loan Agreement. The Loan Agreement is currently due for the June 28, 2019 payment and all subsequent monthly payments. Notice of default and request to cure was sent via certified mail to Borrowers' last known address, in accordance with the Loan Agreement and the Texas Property

Code on September 19, 2019. A true and correct copy of the notice of default is attached hereto as **Exhibit D**.

30. The default was not cured, and the maturity of the debt was accelerated. Notice of acceleration of loan maturity was sent via certified mail to the Borrowers' last known address, in accordance with the Loan Agreement and the Texas Property Code on December 11, 2019. A true and correct copy of the notices of acceleration is attached hereto as **Exhibit E**.

31. Plaintiff brings this suit to obtain an order for foreclosure.

### V.  CAUSES OF ACTION

#### A.  DECLARATORY JUDGMENT

32. The foregoing paragraphs are incorporated by reference for all purposes.

33. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

34. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of Borrowers' failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against Defendants for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by the Borrowers, and by statute. TEX. CIV. PRAC. & REM. CODE § 37.009.

#### B.  STATUTORY PROBATE LIEN

35. The foregoing paragraphs are incorporated by reference for all purposes.

36. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

   a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

      *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

   b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

      *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

   c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

      *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

37. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heir's interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### C. NON-JUDICIAL FORECLOSURE

38. The foregoing paragraphs are incorporated by reference for all purposes.

39. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to

the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired the Property subject to Borrowers' debts.

### D. PUBLIC AUCTION

40. The foregoing paragraphs are incorporated by reference for all purposes.

41. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendants, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### E. JUDICIAL FORECLOSURE

42. The foregoing paragraphs are incorporated by reference for all purposes.

43. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

44. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Orange County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### F. TRESPASS TO TRY TITLE

45.  The foregoing paragraphs are incorporated by reference for all purposes.

46.  Concurrent with Plaintiff acquiring all of Defendant's right, title, and interest in the Property—by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure—Plaintiff seeks a declaration and judgment that the Defendants are divested of all of their right, title and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff. Title as to both Plaintiff and Defendants are derived from a common source.

### G. WRIT OF POSSESSION

47.  The foregoing paragraphs are incorporated by reference for all purposes.

48.  If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

### H. ATTORNEYS FEES

49.  Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code §§ 37.009 and 38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Security Instrument.

### I. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

  a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument and that Plaintiff is a mortgagee as that term is defined under

Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Borrowers' right, title, and interest to the Property;

c. A writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction;

d. Attorney fees and costs of suit; *and*

e. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**SAMIN HESSAMI**
Texas Bar No. 24100109
shessami@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2650 (Phone)
214-635-2686 (Fax)

**ATTORNEYS FOR PLAINTIFF**