IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UMB BANK, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR LVS TITLE TRUST 2018-2, <br><br> Plaintiff, <br><br> v. <br><br> JACQUELINE MARIS, FRANCIS ROBERTS, DEENA BOUDREAUX, KIMBERLY FAILS, BILLY BELL, MICHAEL DAY, TIMOTHY DAY, PATRICK DAY, KELLY POHLEMANN, | § § § § § § § § § § § § § § § § § § | Civil Action No. 1:20-cv-123 |

**MOTION FOR DEFAULT JUDGMENT AGAINST
BILLY BELL, MICHAEL DAY, TIMOTHY DAY,
PATRICK DAY, AND KELLY POLEMANN**

Plaintiff UMB Bank, National Association, not in its individual capacity, but solely as Legal Title Trustee for LVS Title Trust 2018-2 ("Plaintiff") files this, its *Motion for Default Judgment against Billy Bell, Michael Day, Timothy Day, Patrick Day, and Kelly Pohlemann*, and respectfully shows as follows:

**I.**

1. Plaintiff filed its *Original Complaint* on March 27, 2020 (the "Complaint"). (ECF Doc. No. 1.)

2. Plaintiff obtained agreed judgments resolving its dispute with Kimberly Fails, Deena Boudreaux, Frances Roberts, and Jacqueline Maris. (ECF Doc. Nos. 10, 13.) Plaintiff's claims remain pending against Billy Bell, Michael Day, Timothy Day, Patrick Day, and Kelly Pohlemann ("Defendants").

3. On April 8, 2020, Plaintiff completed service on Kelly Pohlemann by personally serving the summons and Complaint on him at his residence located at 15903 Surrey Woods Drive, Friendswood, TX 77546. (ECF Doc. No. 4.) Mr. Pohlemann's answer or other response to the Complaint was due on or before April 29, 2020. FED. R. CIV. P. 12(a)(1)(A)(i).

4. On April 7, 2020, Plaintiff completed service on Billy Bell by personally serving the summons and Complaint on him at his residence located at 5015 Bay Lane, Bacliff, TX 77518. (ECF Doc. No. 5.) Mr. Bell's answer or other response to the Complaint was due on or before April 28, 2020. FED. R. CIV. P. 12(a)(1)(A)(i).

5. On April 10, 2020, Plaintiff completed service on Patrick Day by substitute serving the summons and Complaint on him through Officer S. Broussard, Badge #7372 at a penitentiary located at 5700 Ball Street, Galveston, TX 77551. (ECF Doc. No. 7.) Mr. Day's answer or other response to the Complaint was due on or before May 1, 2020. FED. R. CIV. P. 12(a)(1)(A)(i).

6. On April 6, 2020, Plaintiff completed service on Michael Day by personally serving the summons and Complaint on him at his residence located at 3818 Cypress Point Drive, Baytown, TX 77523. (ECF Doc. No. 8.) Mr. Day's answer or other response to the Complaint was due on or before April 27, 2020. FED. R. CIV. P. 12(a)(1)(A)(i).

7. On April 10, 2020, Plaintiff completed service on Timothy Day by personally serving the summons and Complaint on him at his residence located at 4404 Orange Street, Bacliff, TX 77518. (ECF Doc. No. 9.) Mr. Day's answer or other response to the Complaint was due on or before May 1, 2020. FED. R. CIV. P. 12(a)(1)(A)(i).

8. Defendants have not answered or otherwise appeared in this action.

9. The court clerk entered default against Defendants on June 30, 2020. (ECF Doc. No. 12.)

10. The Defendants are not on active duty military status. (ECF Doc. No. 11-2.)

11. Plaintiff now asks the Court to render default judgment against Defendants because they did not answer or otherwise defend against the Complaint.

## II.

12. The Court should render a default judgment against the Defendants because they did not filed a responsive pleading or otherwise defended the claims against them. Such default constitutes an admission by the Defendants of all allegations in Plaintiff's Complaint. Thus, Plaintiff is entitled to a default judgment on liability and damages. With regard to the issue of damages, Plaintiff does not seek monetary damages against the Defendants, but instead seeks declaratory judgment and to allow foreclosure of the real property commonly known as 440 Dallas St., Vidor, TX 77662 , and more particularly described as follows:

> A TRACT OF LAND OUT OF AND A PART OF THE T.H. BREECE LEAGUE, ABSTRACT 3, ORANGE COUNTY, TEXAS, AND BEING A PORTION OF THAT CERTAIN TRACT CONVEYED TO JIMMY E. SMITH BY CHARLES CLYDE PAYNE, ET UX, AS RECORDED IN VOLUME 455, PAGE 547 OF THE DEED RECORDS OF ORANGE COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS: COMMENCING AT THE SOUTHERNMOST SOUTHEAST CORNER OF THE SAID SMITH TRACT; THENCE NORTH 20 DEGREES 00 MIN. WEST ALONG THE MOST EASTERLY LINE OF SAID TRACT A DISTANCE OF 184.77 FEET TO THE BEGINNING CORNER OF THE TRACT HEREIN DESCRIBED; THENCE SOUTH 89 DEGREES 06 MIN. WEST ALONG THE EAST LINE OF DALLAS DRIVE A DISTANCE OF 61.00 FEET TO AN IRON ROD FOR CORNER; THENCE NORTH 89 DEGREES 07 MIN. EAST A DISTANCE OF 119.60 FEET TO AN IRON ROD FOR CORNER IN THE EAST LINE OF SAID SMITH TRACT; THENCE SOUTH 20 DEGREES 00 MIN. EAST ALONG THE EAST LINE OF SAID SMITH TRACT A DISTANCE OF 61.59 FEET TO THE PLACE OF BEGINNING, KNOWN AS LOT 7, DALLAS DRIVE. TAX ID: R10758. THE REAL PROPERTY OR ITS ADDRESS IS COMMONLY KNOWN AS 440 DALLAS ST, VIDOR, TX 77662. (The "Property").

13. Plaintiff requested reasonable and necessary attorney's fees pursuant to its rights under the Security Instrument. (*See* ECF Doc. No. 1-2, page 5-6.)

14. Plaintiff requests that the award of attorney's fees be made not as a money judgment against the Defendants, but as a further obligation under the subject Note and Security Instrument.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter a default judgment against Defendants on all claims against them in Plaintiff's Original Complaint, and award the following relief:

1. Judgment against Defendants declaring that the following are secured by Plaintiff's Security Instrument on the Property: (a) the outstanding balance of the Note; (b) pre-judgment interest; (c) post-judgment interest from the date of judgment until paid; (d) costs of court; and (e) attorney's fees in an amount to be determined upon subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i);

2. Judgement against Defendants authorizing Plaintiff to enforce its power of sale in the Security Instrument through foreclosure of the Property pursuant to Texas Property Code section 51.002, the Note and Security Instrument, or alternatively, judicial foreclosure; and

3. Any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By: */s/Samin Hessami*
**MARK D. CRONENWETT**
Attorney-in-Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**SAMIN HESSAMI**
Texas Bar No. 24100109
shessami@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2685 (Phone)
214-635-2686 (Fax)

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 2, 2020 a true and correct copy of the foregoing document was delivered to the following Defendant in the manner described below:

**Via CMRRR and U.S. Mail**

Kelly Pohlemann *9314 7699 0430 0072 8772 86*
15903 Surrey Woods Drive
Friendswood, TX 77546

Billy Bell *9314 7699 0430 0072 8780 78*
5015 Bay Lane
Bacliff, TX 77518

Patrick Day *9314 7699 0430 0072 8781 91*
5700 Ball Street
Galveston, TX 77551

Michael Day *9314 7699 0430 0072 8783 13*
3818 Cypress Point Drive
Baytown, TX 77523

Timothy Day *9314 7699 0430 0072 8783 44*
4404 Orange Street
Bacliff, TX 77518

 */s/ Samin Hessami*
**SAMIN HESSAMI**