IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UMB BANK, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR LVS TITLE TRUST 2018-2, | § § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 1:20-cv-123 |
| JACQUELINE MARIS, FRANCIS ROBERTS, DEENA BOUDREAUX, KIMBERLY FAILS, BILLY BELL, MICHAEL DAY, TIMOTHY DAY, PATRICK DAY, KELLY POHLEMANN, | § § § § § § § | Judge Michael Truncale |
| *Defendants*. | | |

**<u>DEFAULT JUDGMENT</u>**

Came on to be considered the above-entitled and numbered cause wherein Plaintiff UMB Bank, National Association, not in its individual capacity, but solely as Legal Title Trustee for LVS Title Trust 2018-2 ("Plaintiff"), is the Plaintiff and Billy Bell, Michael Day, Timothy Day, Patrick Day, and Kelly Pohlemann ("Defendants") are the Defendants. Despite having been duly and legally summoned to appear and answer, Defendants failed to appear and answer, and wholly made default on Plaintiff's claims against them.

**I.**

Plaintiff's *Original Complaint* ("Complaint") was served upon the Defendants according to law and returned to the Clerk where it remained on file for the time required by law. The Court has read the pleadings and the papers on file, and is of the opinion that the allegations of Plaintiff's Complaint have been admitted by Defendants. The Court further finds that Plaintiff does not seek

monetary damages against the Defendants, but instead seeks certain declarations and a judgment allowing foreclosure of the real property which is the subject of this action.

## II.

In light of the Defendants' default and the nature of Plaintiff's claims, the Court orders as follows:

It is **ORDERED, ADJUDGED AND DECREED** that the material allegations of the Complaint be and are deemed admitted as to Defendants Billy Bell, Michael Day, Timothy Day, Patrick Day, and Kelly Pohlemann. It is further,

**ORDERED, ADJUDGED AND DECREED** that an event of default has occurred on that certain Promissory Note in the principal amount of $57,600.00, executed on or about May 28, 2014 by Bobby L. Leland and Willa F. Leland, and payable to Capital One, National Association (hereinafter "Note"), bearing interest at the rate of 4.870% per annum. It is further,

**ORDERED, ADJUDGED AND DECREED** that that certain Homestead Lien Contract and Deed of Trust dated May 28, 2014, signed by Bobby L. Leland and Willa F. Leland, and recorded in the real property records of Orange County, Texas, as Document No. 407797 on June 10, 2014 (hereafter "Security Instrument"), provides Plaintiff, as the mortgagee of the Security Instrument, in the event of a default on the obligations on the Note, with a first lien security interest on that certain real property commonly known as 440 Dallas St., Vidor, TX 77662, and more particularly described as follows:

> A TRACT OF LAND OUT OF AND A PART OF THE T.H. BREECE LEAGUE, ABSTRACT 3, ORANGE COUNTY, TEXAS, AND BEING A PORTION OF THAT CERTAIN TRACT CONVEYED TO JIMMY E. SMITH BY CHARLES CLYDE PAYNE, ET UX, AS RECORDED IN VOLUME 455, PAGE 547 OF THE DEED RECORDS OF ORANGE COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS: COMMENCING AT

>THE SOUTHERNMOST SOUTHEAST CORNER OF THE SAID SMITH TRACT; THENCE NORTH 20 DEGREES 00 MIN. WEST ALONG THE MOST EASTERLY LINE OF SAID TRACT A DISTANCE OF 184.77 FEET TO THE BEGINNING CORNER OF THE TRACT HEREIN DESCRIBED; THENCE SOUTH 89 DEGREES 06 MIN. WEST ALONG THE EAST LINE OF DALLAS DRIVE A DISTANCE OF 61.00 FEET TO AN IRON ROD FOR CORNER; THENCE NORTH 89 DEGREES 07 MIN. EAST A DISTANCE OF 119.60 FEET TO AN IRON ROD FOR CORNER IN THE EAST LINE OF SAID SMITH TRACT; THENCE SOUTH 20 DEGREES 00 MIN. EAST ALONG THE EAST LINE OF SAID SMITH TRACT A DISTANCE OF 61.59 FEET TO THE PLACE OF BEGINNING, KNOWN AS LOT 7, DALLAS DRIVE. TAX ID: R10758. THE REAL PROPERTY OR ITS ADDRESS IS COMMONLY KNOWN AS 440 DALLAS ST, VIDOR, TX 77662. (The "Property").

It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is the mortgagee of the Security Instrument. It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note, including attorney's fees; pre-judgment interest; post-judgment interest; and costs of court. It is further,

**ORDERED, ADJUDGED AND DECREED** that due to event of default on the Note, Plaintiff, or its successors or assigns, may enforce its Security Instrument against the Property through non-judicial foreclosure of the Property as provided in the Security Instrument and Texas Property Code § 51.002. It is further,

**ORDERED, ADJUDGED AND DECREED** that, should Plaintiff proceed with foreclosure on the Property then, the purchaser at the foreclosure sale will be vested with all of Defendants Billy Bell, Michael Day, Timothy Day, Patrick Day, and Kelly Pohlemann's interest, rights, and title in the Property. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff may further communicate with Defendants, and all third parties reasonably necessary to conduct the foreclosure sale. It is further,

**ORDERED, ADJUDGED AND DECREED** that all costs are to be taxed against the Defendants. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is awarded attorney's fees and costs, to be determined by subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i).

**SIGNED this 8th day of July, 2020.**

Michael J. Truncale
United States District Judge